Majority and Concurring Opinions filed January 22, 2008








Majority
and Concurring Opinions filed January 22, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00331-CV

____________

 

WILLIAM DAVIS, Appellant

 

V.

 

JOHN Q. A. WEBB, JR. M.D., Appellee

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 2006-64184

 



 

C O N C U R R I N G   O P I N I O N








Appellant William Davis brought suit against John Q. A.
Webb, Jr. M.D., for his failure to provide appropriate post-operative
treatment.  This failure led to serious medical problems for which Davis sought
recovery, but that recovery was barred because of a defect in his expert
report.  Although timely served, the expert report did not reflect the opinion
of a Aphysician@ under Texas Civil
Practice and Remedies Code section 74.401.  Instead, Davis offered the expert
opinion of an optometrist who was proficient and trained in post-operative
treatment and care.  The trial court dismissed the lawsuit with prejudice, and
a majority of this court upheld that dismissal, in accordance with the
statutory requirements of Texas Civil Practice and Remedies Code sections
74.351 and 74.401.  Unfortunately, sections 74.351 and 74.401 were drafted, in
all likelihood inadvertently, in such a way as to create the occasional
miscarriage of justice.   Hence, although I agree the majority opinion is in
accord with a plain reading of these sections, I cannot agree with the
application of this statute under these circumstances for two reasons.

First, when a physician is engaged in the work that only a
physician may render, the requirement that another physician opine concerning
that treatment logically follows.  When, however, a physician fails to provide
the type of treatment he could have delegated to another, or the type of
treatment another often performs, this negligence should not be shielded by his
medical degree.  In these situations, the physician is Awearing another
hat,@  and the
individuals who most often adorn that hat might be aptly trained to opine as to
the standard of care or causation.  Such might be true when a physician performs medical care at
the site of an accident where an EMT would be best qualified to testify as to
on-scene standards of care, or when a physician refers an injured patient to a
physical therapist or chiropractor who, though not a physician, may have
greater training and experience in rehabilitation and might be best qualified
to opine as to causation in a review of post-operative care.  Such is arguably
true, as in the present case, where an optometrist is well-trained in
post-operative treatment and is often charged by an ophthalmologist to conduct
this very care.  When a doctor provides the type of after-care that another
professional could provide, and does so negligently, his credentials should not
force the plaintiff to face a higher predicate to bringing suit.  In fact, the
non-physician professional may be more equipped to perform the follow-up
treatment, and that non-physician may be the more appropriate person to opine
on the quality of treatment provided. 








Second, our application of Texas Civil Practice and
Remedies Code sections 74.351 and 74.401 creates a dual standard in our courts,
whereby an individual cannot be an expert for the purposes of an expert report unless
he is a physician, but for the same individual to testify at trial the
court could conduct the more permissive Daubert/Robinson test. See
Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); E.I. du Pont
de Nemours and Co., Inc. v. Robinson, 923 S.W.2d 549 (Tex. 1995).  If the court is
capable of being the gate-keeper at trial, the same latitude should be allotted
the court in analysis of the expert report.

The Legislature drafted Texas Civil Practice and Remedies
Code sections 74.351 and 74.401 with an eye toward reducing the number of
frivolous medical malpractice lawsuits in Texas, but in so doing failed to
consider many possible scenarios where an expert who is not a physician might
be qualified to opine as to the standard of care and/or causation in a case
pursued against a physician. 

Accordingly, while concurring in the disposition of this
case under the current law, I believe the application of the law to all
fact-scenarios is problematic and can lead to the miscarriage of justice in
some instances.

 

 

_____________________________

Frank C.
Price

Senior
Justice*

 

 

 

Judgment rendered and
Memorandum Opinion filed January 22, 2008.

Panel consists of Chief
Justice Hedges, Justices Guzman and Price.









*  Senior Justice Frank C. Price sitting by assignment.